IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

W.E. DAVIS, AS
ADMINISTRATOR OF THE ESTATE OF
ANTHONY WALKER SMITH, DECEASED                                    PLAINTIFF

V.                                                          CASE NO.: 2:11-CV-00034

UNITED STATES OF AMERICA                                          DEFENDANT

**ORDER**

This cause comes before the Court on the motion **[5]** of Defendant United States of America ("Government") to dismiss the case under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. The Court, having reviewed the submissions of the parties and conducted a hearing on the issues, finds that the motion is well taken and should be granted.

On February 3, 2003, Plaintiff W.E. Davis filed a federal income tax return Form 706 for the estate of Anthony Walker Smith ("Smith Estate") and reported a federal estate tax liability of $491,521. Included in the Smith Estate was a parcel of farm property believed to be possessed by the decedent in fee simple. On April 17, 2003, the plaintiff paid $406,791.83 to the Internal Revenue Service ("IRS") representing the federal estate taxes, interest, and late penalty owed by the Smith Estate. On November 3, 2003, the Chancery Court of Tate County, Mississippi ruled that the decedent only held a vested remainder in the farm property rather than a fee simple interest. The Mississippi Court of Appeals affirmed the ruling on January 20, 2005, and the Mississippi Supreme Court denied certiorari on March 2, 2006.

On November 4, 2008, the plaintiff filed an administrative claim with the IRS for refund of overpaid federal estate taxes. The plaintiff sought to recover the estate taxes paid on the difference in value between the fee simple interest in the farm property reported on the tax return and the remainder interest determined by the chancery court. On February 19, 2009, the IRS

denied the plaintiff's claim for refund as untimely due to the claim not being filed within three years from the date of the tax return or two years from the date of the overpayment. After the IRS denied the plaintiff's appeal, he filed the instant lawsuit.

The issue before this Court is whether the case should be dismissed due to the plaintiff's failure to file a claim for refund of tax overpayment within the time limits set by the Internal Revenue Code.

The Government asserts that the case should be dismissed because it has not waived sovereign immunity and therefore the Court lacks subject matter jurisdiction over the complaint. The Government contends that because the plaintiff untimely filed the administrative claim, the conditions of the sovereign immunity waiver found in 26 U.S.C. § 7422(a) have not been met. The Government further contends that although the plaintiff had ample opportunity to act on the alleged overpayment of estate tax within the statutory period, he failed to do so. The Government maintains that equitable tolling does not apply to the statutory time limit found in 26 U.S.C. § 6511 and urges the Court to dismiss the case for lack of subject matter jurisdiction.

In response, the plaintiff argues that the Court should apply equitable tolling because the statute of limitations expired before the refund claim and its value came into existence. The plaintiff contends that the IRS requires taxpayers to have sufficient legal and factual grounds to file a claim for refund and that, contrary to the Government's argument, the Smith Estate lacked sufficient grounds to file a claim prior to the statutory deadline. The plaintiff further contends that if the Smith Estate is barred from asserting its right to a refund before this Court, the Estate will be denied its due process right to challenge the overpayment.

To overcome sovereign immunity in a tax refund case, a taxpayer must file a refund claim with the IRS within the time limits established by the Internal Revenue Code. *United States v. Dalm*, 494 U.S. 596, 602 (1990). Failure to timely file a refund claim deprives the

2

district court of subject matter jurisdiction. *Duffie v. United States*, 600 F.3d 362, 384 (5th Cir. 2010). No lawsuit for the recovery of overpaid taxes can be brought in any court "until a claim for refund or credit has been duly filed" with the IRS. 26 U.S.C. § 7422(a) (2010). Title 26 United States Code Section 6511 provides in relevant part:

> **(a) Period of limitation on filing claim.** --Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid....

The plain language of §§ 7422(a) and 6511 require a taxpayer seeking a refund for any unlawfully assessed tax to timely file an administrative refund claim before bringing suit against the Government. *United States v. Clintwood Elkhorn Mining Co.,* 553 U.S. 1, 14 (2008). The United States Supreme Court has concluded that Congress did not intend for equitable tolling to apply to § 6511's time limitations. *United States v. Brockamp*, 519 U.S. 347, 354 (1997). Congress provides clear exceptions to the time limits in § 6511 "and those very specific exceptions do not include 'equitable tolling.'" *Id.* at 351.

      This Court is sympathetic to the plaintiff's plight. However, the law directs a finding inconsistent with the Court's sympathies. In the present matter, the plaintiff failed to file an administrative claim for refund within the statutory time limits. The plaintiff contends that the Court should apply equitable tolling because the refund claim and its value did not exist prior to March 2, 2006, when the underlying property dispute ended. Contrary to this argument, the plaintiff should have been aware of the refund claim as early as November 3, 2003, when the chancery court determined that the decedent had a vested remainder interest in the farm property. The tax return was filed on February 3, 2003. Within three years from that date, both the chancery court and Mississippi Court of Appeals ruled on the decedent's ownership interest in

the farm property. Had the plaintiff filed an administrative claim at that point, the claim would have been timely and the Estate would have been afforded the opportunity to challenge the overpayment. However, the plaintiff did not file the claim until November 4, 2008.

As to the plaintiff's due process argument, it is well established that a "constitutional claim can become time-barred just as any other claim can." *Block v. North Dakota ex rel. Board of Univ. and School Lands,* 461 U.S. 273, 292 (1983). The Court acknowledges that "Congress has the authority to require administrative exhaustion before allowing a suit against the Government, even for a constitutional violation." *United States v. Clintwood Elkhorn Mining Co.,* 553 U.S. 1, 9 (2008) (citations omitted). In the case herein, the Court cannot conclude that the Smith Estate has been denied due process to challenge the overpayment when the plaintiff did not comply with § 6511. Likewise, the Court cannot apply equitable tolling to the instant matter in order to cure the plaintiff's failure to timely act. The Supreme Court has explicitly stated that equitable tolling does not apply to the time limits set forth in § 6511. Due to the plaintiff's failure to follow the administrative prerequisites for a refund, this Court lacks subject matter jurisdiction. The motion **[5]** to dismiss is GRANTED.

SO ORDERED this the 15th day of December, 2011.

/s/ **MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**